A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. §1983

FILED
U.S. DIST COURT
MIDDLE DIST..OF LA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

2005 OCT 20 P 1: 2b

SIGN_____
BY DEPUTY CLERK

*Kermit Parker, Pro Se*

*129332*
Inmate (DOC) number

_____

_____

*05-1194- RET/CN*

(Enter above the full name of each
plaintiff in this action.)

VERSUS

*The La. Deptartment of*
*Public Safety & Corrections,*
*Etal.*

_____

(Enter above the full name of each
defendant in this action.)

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety

| INITIALS | DOCKET# |
|----------|---------|
|          |         |

and Corrections, only one service copy is needed.  Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Public Safety and Corrections.

    All copies of the complaint must be identical to the original.

    The names of all parties must be listed in the caption and in part III of the complaint exactly the same.

    In order for this complaint to be filed, it must be accompanied by the filing fee of $ 120.00.  In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

    If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis.  For this purpose, a pauper affidavit is included in this packet.  You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account.  If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

    You will note that you are required to give facts.  THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.  ALSO, DO NOT INCLUDE EXHIBITS.

    When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, P. O. Box 2630, Baton Rouge, La. 70821.

I.    Previous Lawsuits

    A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
    Yes ( ✓ ) No (  )

    B. If your answer to A is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1. Parties to this previous lawsuit
        Plaintiff(s): _____ _Kermit Parker_ _____
        _____

Defendant(s): _La STATE Dept. of Corrections, et AL._

2. Court (if federal court, name the district; if state court, name the parish):
_19th Judicial District Court, PARISH of EAST BATON Rouge, STATE of Louisiana_

3. Docket number: _506,666_

4. Name of judge to whom case was assigned: _DIV. 26 Commissioner RACHEL P. MORGAN & JUDGE (UNKNOWN to DATE)_

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Pending_

6. Date of filing lawsuit: _K.P. 4-16-03_
7. Date of disposition: _Pending_
C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
    Yes ( )    No (✓)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

II.    Place of present confinement: _Elayn Hunt Correctional Center_

A. Is there a prisoner grievance procedure in this institution?
    Yes (✓) No ( )

3

B.  Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes ( ✓ ) No ( )

C.  If your answer is Yes:

1.  Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed.  *filed an Appeal, Defendants didn't respond to Appeal until they were Served with Judicial Review Appeal #2002-13519-ω*

2.  What steps did you take? *Filed "120 day deemed granted Appeal" Judicial Review to the 19th. Didn't Argue "Actual issues" Perse due to defendants taking 1 year & 10 months to respond when clearly substantial Rights were violated.*

3.  What was the result? *Commissioner recommended case be dismissed "Since the defendants withdrew the 180 days loss of good time to avoid Civil Action once they discovered that Plaintiff Filed suit.".. I omitted any mentioning of SCAM Restrictions. Judge Hasn't Ruled to Date.*

D.  If your answer is No, explain why not: _____

III.  Parties
(In Item A below, place your name in the first blank and place your present address in the second blank.  Do the same for additional plaintiffs, if any.)

A.  Name of plaintiff(s) _*Kermit Parker*_
    Address _*Elayn Hunt Correctional Center*_
In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank.  Use Item C for the names, positions, and places of employment of any additional defendants.

B.  Defendant _*RICHARD L. STALDER*_
is employed as _*Secretary of the Dept. of Corrections & Public Safety.*_
at _*P.O. Box 94304, Capitol Station, Baton Rouge, La. 70804-9304*_

C.  Additional Defendants: _*N-Burl Cain, Dora Rabalais, Jeff Peltz, John Joseph Gary Young, Eli Nixon, Tarver, Darrel Vannoy, Shirley Coody, Howard, Charles Honeycutt Gary Midkiff, Bobby Achord, Robert Jones, Simms, Henry Washington & et al. are officially position as respectively; Warden, Wardens Designee, Supervisor of Internal*_

4

CONTINUED From Pg 4.

C. AFFAIRS, ANGOLA Classification officer, Classification officer, investigator, Doctor, Dept. WARDEN, Asst. WARDEN, Sgt. Sgt., Colonel, Social Worker, investigator, Captain, Sgt. + Sgt. are all employed at the La. State penitentiary, Angola, La. 70712, "Except Defendant" Jeff Peltz ADDRESS; Dept. of Public Safety + Corrections. P.O. Box 94304 Capital Station, Baton Rouge, La. 70804-9304.

IV.    Statement of Claim

State here as briefly as possible the facts of your case. Describe how each
defendant is involved. Include also the names of other persons involved, dates,
and places. Do not given any legal arguments or cite any cases or statutes.
If you intend to allege a number of related claims, number and set forth each
claim in a separate paragraph. (Use as much space as you need. Attach extra
sheets if necessary.)

_____

_____

_____

_____

" PLEASE SEE ATTACHED "

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

5

V.   Relief

State briefly exactly what you want the court to do for you.   Make no legal

arguments.   Cite no cases or statutes.   Attach no exhibits. _____

_____

_____

_____

"*PLEASE SEE ATTACHED*"

_____

_____

Plaintiff's Declaration

1.   I understand that I am prohibited from bringing a civil action in forma
pauperis if, while I was incarcerated or detained in any facility, I have brought
three or more civil actions or appeals in a court of the United States that were
dismissed on the grounds that they were frivolous, malicious, or failed to state a
claim upon which relief may be granted, unless I am in imminent danger of
serious physical injury.

2.   I understand that even if I am allowed to proceed in forma pauperis, I am
responsible for paying the entire filing fee and any costs assessed by the Court,
which, after payment of the partial initial filing fee, shall be deducted from my
inmate account by my custodian in installment payments as prescribed by law.

3.   I understand that if I am released or transferred, it is my responsibility to keep
the Court informed of my whereabouts and failure to do so may result in this
action being dismissed with prejudice.

Signed this __13__ day of ___October___, 20 _05_.

_____Kermit Parker, Pro Se_____

_____

_____

Signature of plaintiff(s)

6

IN THE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA


NO: _____


Kermit Parker, Pro SE
Plaintiff

VERSUS

RIchard STALDER, N. BURL CAIN,
DORA RABALAIS, JEFF PEITZ, JOHN
JOSEPH, GARY YOUNG, Eli WilSON, TARVER,
DARREL VANNOY, ShiRLEY COODY, Howard,
CHARLES HONEYCUTT, GARY MIDKIFF,
Bobby Achord, Robert JONES, Simms,
HENry WashingtoN & ET AL.
                          Respondents)


_CIVIL RIGHTS COMPLAINT_


RespectfulN Submitted:

Kermit Parker
    Kermit Parker, Pro SE
    DOC # 129332 BEAVER 282
    P.O. Box 174 ElayN Hunt Correc-
    tional CENter
    St GabriEl, La. 70776

IN THE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

NO: _____

Kermit Parker, Pro Se
    Plaintiff

COMPLAINT CIVIL

VERSUS

JURY TRIAL DEMANDED

RICHARD STALDER, N. BURL CAIN,
DORA RABALAIS, JEFF PEITZ, John
JOSEPH, GARY YOUNG, Eli WILSON,
DARRYL VANNOY, SHIRLEY COODY, TARVER,
CHARLES HONEYCUTT, GARY NDK77,
Bobby Achord, Robert JONES, Sims,
Willie Washington, Howard & et Al.,
are sued in their individual
& official capacities.
    DEFendant(s)

## PRELIMINARY STATEMENT

This is a Civil RIGHTS Action Filed by Pro Se Plaintiff
Kermit Parker, a state prisoner for damages, declaratory
relief & injunctive relief under 42 U.S.C. § 1983, alleging
DENial of DUE Process, DENial of Procedural Due Process, in
Violation of the 5ᵗʰ & 14ᵗʰ Amendments, deliberate in-
difference, Conspiracy against Rights, Conspiracy, Retaliation,
deprivation of Civil Rights, Denial of Constitutional Rights,
Denial of Medical Care in violation of the 8ᵗʰ Amed. of the U.S.
Constitution, Denial of adequate medical Care,

(1)

EXCESSIVE FORCE,
DENIAL OF EQUAL PROTECTION OF THE LAWS, ASSAULT, INTIMIDA-
TION, THREATS, harassment & all done in Violation of the
UNITED STATES CONSTITUTION.   Plaintiff also alleges Torts
of Assault & BATTERY, Criminal CONSPIRACY, Criminal Negligence
& Denial of adequate medical care as well as Malfeasance in
OFFICE, False statements in affidavit as Perjury & obstruction of
JUSTICE.

### JURISDICTION

1) This Court has Jurisdiction over the Plaintiffs claims
of Violation of Federal Constitutional Rights under 42 U.S.C
§ 1330 and 1343.

(2) This Court has supplemental Jurisdiction over the plaintiffs
STATE Law claims (Tort Claims) under 28 U.S.C § 1367.

### PARTIES

(3) The Plaintiff Kermit Parker was incarcerated at the
La. State Prison (ANGOLA) during the events described
in this complaint.

(4) DEFENDANT RICHARD L. STALDER is the SECRETARY of
THE DEPARTMENT OF CORRECTIONS & Public Safety and he is
responsible for setting deadlines for the Administrative Remedy
Procedure & Processes as well as Supervisor over the
head Warden N. Burl Cain of ANGOLA. He's sued in his individual
& official capacity.

(5) DEFENDANT N. BURL CAIN is the Warden of Angola &
he is responsible for reviewing all ARP's filed by inmates
in Angola & he's responsible for maintaining the good order

of the La State Penitentiary (Angola). He is Sued in his individual & official Capacity.

(6) Defendant DORA RABALAIS functioned as the Wardens DESIGNEE. She's in charge of Processing the administrative Remedy Procedure Grievances & inquiries to the Warden N. Burl Cain. She is Sued in her individual & official Capacity

(7) Defendant JEFF PELTZ functions as / in a supervisory role in INTERNAL AFFAIRS. He's responsible for all EMERGENCY SENSITIVE ISSUES ARP's. HE'S Sued in his individual & official Capacity.

(8) John Joseph is a Classification officer at Angola. He's responsible for forwarding NOTARIZED Documents & NOTARIZING Legal Documents as well. He also sits on Disciplinary boards (Hearings) in ANGOLA. He is sued in his individual & official Capacity.

(9) Gary Young is a Classification officer at Angola. He is also authorized to Notarize Documents. He also sits on Disciplinary board Hearings. He is sued in his individual & official Capacity.

(10) Eli Wilson is a Prison investigator at Angola. He investigates inmates and investigates inmates Family, Friends & associates as well. He is sued in his individual & official Capacity.

(11) Bobby Achord is a Prison investigator at Angola. He investigates inmates & investigates inmates Family, Friends & associates as well. He is sued in his individual & official

Capacity.

(12) DARREL VANNOY is Deputy Warden over Security at Angola. He's responsible For Conducting/overseeing Prison Security & he Functions in an Administrative role as well. He is Sued in his individual & official Capacity.

(13) SHIRLEY Coody is Asst. Warden of Camp J Extended lockdown. She is in charge of the Supervision & discipline of all Camp J Correctional officers and responsible For maintaining the good order & Control of Camp J Extended lockdown. She is Sued in her individual & official Capacity.

(14) CHARLES HONEYCUTT is the Lt. Colonel / Colonel of Camp J. He Conducts disciplinary Board hearings & sits as the Chairman of the board. He is Sued in his individual & official Capacity.

(15) Robert Jones is Cpt. of Camp J. He is in a a Supervisory position & oversee's the Tier officers. He is Sued in his individual & official Capacity.

(16) DEFENDANT TARVER was Head Dr. at Angola. He Supervises all Medical Personnel. He is Sued in his individual & official Capacity

(17) Gary Midkiff is a Social Worker at Angola. He Sat on the Disciplinary board Hearings. He is Sued in his individual & official Capacity.

4

(18) Defendants Sims, Howard & Willie Washington are Correctional officers Employed at Angola. They are sued in their individual & official Capacities.

(19) All The Defendants have acted, & Continue to act, under Color of State Law at all times relevent to this Complaint.

## FACTS

(20) On September 20, 2002 plaintiff Filed a follow up letter to several unanswered notations, ARP's & Grievances that the DEFENDANT N. BURL CAIN Failed to respond to in regards to Violative practices Plaintiff was being Subjected to in the form of but not limited to;" Prisoner Abuse & Postal Violations." Within the Grievances Plaintiff threaten to SEEK an investigation from the Federal Bureau of INVESTIGATIONS & The U.S. Postal INSPECTOR.

(21) As of a result of the Notation, Plaintiffs cell was Searched and Plaintiffs sole copy of the Sept. 20, 2002 Notation, Evidence plaintiff had to Substantiate plaintiffs allegations, all of Plaintiffs research & Draftings Plaintiff was in the process of Constructing for his (Plaintiffs) Criminal Conviction, & several stacks of documentation Plaintiff wrote to the FBI, U.S. Congressmen & ARP's Were taken by a security officer.

5

(22) Plaintiff filed an ARP & all claims were denied.

(23) Plaintiff Continued to complain to Defendant Burl Cain & requested a copy of the Sept. 20, 2002 Notation & a response to the same, but Defendant N. Burl Cain gave no response.

(24) Finally, after continued Postal delay's in receiving Mail & certain mail coming up missing...on 12-1-02 Plaintiff told his (then) Fiancee to report every thing she & Plaintiff were being subjected to "to the F.B.I & U.S. Postal Inspector...Plaintiff informed the Mailroom."

(25) "The following Day," on 12-2-02 Plaintiff received a DISCIPLINARY REPORT STATING Investigative Services discovered that Plaintiff was on the net & Plaintiffs incoming & out going mail was read for possible illegal activities. The report's date of incident was 11-20-02.
     The Report went on to say that, "Investigative Services discovered through Plaintiffs Phone Conversation that Plaintiff was attempting to smuggle a cell phone into the Prison.

(26) Later on that Day, an officer John Doe Came & brought me another report. This was the Day of 12-2-02.

(27) On The following Day of 12-3-02 Plaintiff was brought before a disciplinary board and Plaintiffs report (write up) was taken, & another report that contained totally different facts was given to Plaintiff by a one Defendant Gary Young of Classification.

(28) Defendant Charles Honey Cutt then began the tape. The Defendant Honeycutt asked Plaintiff had he heard the report & investigation Report & Plaintiff Said, "No." Nevertheless, Defendant Honeycutt Pressed on.

(29) Plaintiff's every motion & affordability of Due Process was Denied & Plaintiff was Placed on SCAM Restriction, 30 days cell confinement & 180 days loss of Good Time. Plaintiffs every issue on APPEAL was ignored.

(30) Plaintiff later discovered that the disciplinary report he received on 12-3-02 wasn't properly filled out... Basically from the #13 - #27 of the report was blank.

(31) Nevertheless, the Defendants Charles Honeycutt, Gary Young, Gary Mickiff & Eli Wilson Fabricated, falsified & entered a report into the records that was conspired apart from the Disciplinary hearing. "A-4th Report."

(32) Plaintiff filed an ARP to Warden N. Burl CAIN & the Warden refused to respond.

(33) Plaintiffs filed an appeal to the Warden, & it wasn't answered until Defendent received Notice from the 19th Judicial District Court that Plaintiff had in fact filed a Judicial Review... So, Some six hundred & seventy plus days after Plaintiff filed his Appeal & Judicial Review, Defendant Burl Cain filed an answer to Plaintiffs Appeal... Not 120 DAYS as prescribed.

7

(34) NOT a single ARP Plaintiff has filed(in regards to Plaintiff being placed on SCAM Restrictions)has been answered to this very Day.

(35) Plaintiff filed an Emergency Sensitive issues ARP to Defendant Jeff Peltz in regards to the Violations & Restrictions Plaintiff has mentioned herein, but the Defendant Peltz rejected Plaintiffs Grievance instructing Plaintiff to submit his ARP's to the very one in the same Warden N. Burl Cain whom; Plaintiff complained of refusing to answer his Grievances.?..

(36) Plaintiff continued to write Defendant N. Burl Cain & Defendant Dora Rabalas in regards to Plaintiffs ARP's & Grievances not being responded to. Neither of the Defendants gave a response. Defendant John Joseph was also contacted.

(37) On 12-9-02 Plaintiff filed a certified Appeal to the Warden & handed it over to defendant Gary Young in regards to the scam restrictions, Loss of 180 days Goodtime & 30 days cell confinement.

(38) The Restrictions plaintiff was placed on severed Plaintiffs Ability/means of Communication with everyone in the world other than 5 individuals on plaintiffs Visitors list, all this was done by Defendant Darrel Vannoy.

(39) Plaintiffs Legal Mail was opened, refused & returned to him. Any attempts plaintiff made to complain against the Warden Defendant N. Burl Cain was intercepted & either thrown away or returned to plaintiff. Defendant John Joseph Kept telling Plaintiff to file an Appeal.

8

(40) Plaintiff became so disgusted that he went on a hungry strike for 9 days, filed a crude pleeful TRO to this very court & continued to send out correspondences. Some were forwarded in other inmates name in attempts to avoid Plaintiffs mail being intercepted... Court Records will reflect the same.

(41) Defendant Burl Cain discovered that Plaintiff was on a hungry strike & spoke to plaintiff on the unit telephone. Defendant Cain said; plaintiff had to realize that in attempting to cause him (Defendant Cain) trouble he had infact brought trouble upon himself. Defendant Cain said; he knew that the charges were bull-h.t, but things wouldn't change for Plaintiff until he stopped trying to cause trouble for the institution." Defendant Cain said that; "Angola was a little world in itself & he was like God & he could make Plaintiffs life heaven or Pure Hell". Defendant Cain spoke of the SCAM Charges.

(42) Defendant Bobby Achord & Defendant Eli Wilson both upon several occassions spoke to Plaintiff & reiterated to plaintiff that the prison didn't need Federal Authorities snooping around the grounds of the Prison all behind wild allegations. The Defendants also advised Plaintiff to file an appeal when plaintiff inquired as to why Defendant Cain wouldn't respond to any of Plaintiffs Scam Restrictions Grievances. Plaintiff asked why wasn't Notice given prior to the report that there was an internet Mail Watch, but the Defendants said; "Plaintiff should have expected one."

9

(43) Plaintiff requested that the Defendants speak to his Fiancee & She'd confirm that plaintiff wasn't trying to scam her. Plaintiff also told the Defendants Bobby Achord & Eli Wilson that his friend (he referred to inwhich he'd have forward his Fiancee $10,000) had just mailed $2,000.⁰⁰ to his mother for him & he had "the check receipt to prove it." Defendant(s) only gave Plaintiff a blank stare then Defendant Wilson then said; You still dont get it...it doesn't matter.

(44) Plaintiff's Fiancee Called the institution & spoke to the Wardens secretary & Defendant Achord & Eli Wilson and pleaded with them to understand that, I (Plaintiff) wasn't trying to scam her, & that we were engaged to be married, but the Defendant Cain refused to speak to her & Defendants Achord & Wilson dismissed her plee's, and continued to lable her a "Pen Pal."

(45) On 12-17-02 Defendant Sims came down the tier & sprayed several inmates as well as Plaintiff with a hosepipe. Plaintiff's Legal work, Personal property & Person was soaked.

(46) Plaintiff Protested the Assault, but Defendant Sims kept spraying & smiled on.

(47) Shortly after, Defendant Howard began to shoot water through the vent from the inside of the

10

Pipe Chase inso flinging mud & slime all over the Cell,
Plaintiffs Property, Person & Legal Work.

(48) Plaintiff tried to prevent the water & mud from
Coming through the vent, but Sgt. Howard held steady
with the hosepipe & the pressure tore the paper up,
"all the while plaintiff demanded that Sgt. Howard
Stop, because he was Soaking the entire Cell."

(49) Plaintiff finally placed his pillow over the vent
& prevented the water from entering plain-
tiffs Cell.

(50) Defendant Howard the left & once plaintiff
removed the pillow & got down, Defendant Howard returned
spraying water into Plaintiffs Cell. This Process was repeated
Several times... Mud was flung in Plaintiffs Eyes & Mouth.

(51) Plaintiff & Several inmates demanded to See Defendant
Robert Jones who was the Shift Supervisor.

(52) Defendant Jones came, observed Mud all over Plaintiff,
his Cell, the Ceiling, Plaintiffs Legal Work & Property and
Defendant Jones Stated; "I See Nothing wrong, your cells
have been Cleaned.

(53) Plaintiff then demanded to See the Warden

(54) Defendant Jones then left & Defendant Howard
Snuck back into the Pipe Chase & began to Shoot

11

More Water & trash into Plaintiffs Cell.

(55) IN attempts to have Something done, the ENTIRE tier (minus Cell #14) went on a hungry Strike, demanding to See the DEFENDANT WARDEN Shirley Coody.

(56) ONCE DEFENDANT Bobby Jones observed that the ENTIRE tier Was ON a hungry Strike, DEFENDANT Jones left & returned With a Shake em up Squad comprised of DEFENDANT Washington & three other officers. Shakem up Squad is "a crowd of officers designed to intimidate."

(57) After beginning from the rear, DEFENDANT Jones Hollared, "You ON a fuc—ing hungry STRIKE"... & as he progressed", he (DEFENDANT Jones) asked me had Cowered, "the Same", in the Same tone & Words."

(58) Plaintiff Stated: "you see IM Not Eating."

(59) DEFENDANT Jones then Said; Youre Not ON a hungry Strike & went to my Neighbor. & repeated the Process... Telling my Neighbor; "NO ONE is ON a Hungry Strike!"

(60) Plaintiff THEN Said; Yea, IM ON a Hungry Strike.

(61) DEFENDANT Jones stepped back & Jabbed his finger at Plaintiff & Said; Pack your fuc—ing Sh—t. I was being locked up in administration Segregation.

(62) Plaintiff Packed up, & as Plaintiff Exited the Cell,

DEFENDANT Howard Punched Plaintiff in the left Temple & said; "See stupid, now youre being locked up."

(63) DEFENDANT Washington laughed as Plaint:77 Exited the tier. He also witnessed Howard (DEFENDANT Howard's) Punch.

(64) DEFENDANT Washington attempted to Provoke Plaint:77 into a Verbal Confrontation by telling me that, he didnt think I understood how things worked in Angola. He Said; Plaint:77 had made alot of Enemies in Camp J with the wrong people.

(65) Plaint:77 Was taken to Cuda Unit, & moved within an hour to Gar Unit."

(66) On the Way to Gar Unit, DEFENDANT Washington told Plaint:77 that he was nothing but a scam Artist, thats why Plaint:77 Was in Such a mess.

(67) Plaintiff ignored DEFENDANT Washington & the defendant became Enraged & Cursed & pushed plaintiff.

(68) When none of that worked, the DEFENDANT Washington Called Plaintiff a Bitc— & Plaintiff told DEFENDANT Washington that his mother was a B—tch.

(69) At that time DEFENDANT Washington Kicked Plaintiff in the butt, & as plaint:77 Fell, DEFENDANT Washington Punched Plaintiff in the back.

(70) Plaint:77 told DEFENDANT Washington that he Punched

13

like Plaintiffs Niece, & Plaintiff laughed it off, "even though Plaintiff was in excruciating pain."

(71) Defendant Washington continued on running his mouth to plaintiff about what was going to happen to the plaintiff.

(72) As the plaintiff reached the cell in Gar unit, he discovered that there was no light nor running water in the cell.

(73) Plaintiff complained to every officer that came on the tier, but was left in the cell for 22 days. Plaintiff received little to no medical treatment upon request.

(74) Plaintiff was then moved to Cuda unit to a cell with no light nor light fixture & no running drinking water. For a while the toilet wouldn't flush & feces piled up & Plaintiff had to place newspaper over the top of the toilet.

(75) Plaintiff was left in this cell until Febuary 14, 2003 & inspite of plee's to the Warden N. Burl CAIN, Defendant Coody & every other officer, Plaintiff wasn't moved until Plaintiff's family & friends came to visit Plaintiff & discovered that Plaintiff had been in a DARK cell trying to read & file grievances for so long until Plaintiff looked like a RACOON under the eyes from deprivation of light.

14

(76) Plaintiff filled out several sick call complaints in regards to his eyes being in pain as well as his tail bone being bruised & his back having a knot in the center around Plaintiffs spine, but Plaintiff was denied medical treatment. Plaintiff only saw practicing medical physicians & they failed to treat Plaintiffs ailments.

(77) Plaintiff filed several grievances, sick call & a few informal correspondences to the Warden & all notations werent responded to.

(78) Plaintiff wrote to Dr. Tarver & no response was given. Plaintiff requested to see Dr. Tarver, but was denied.

(79) On August 28, 2004 Plaintiff realized that Defendant Dora Rabalais was answering ARP's that dated beyond Plaintiffs prior ARP's. Plaintiff wrote several inquiries in regards to the matter & Defendant Rabalais denied that she was in possession of any Grievances that dated prior to 2004. Therefore, Plaintiff filed an ARP.

(80) Plaintiffs ARP accurately raised claims & issues in regards to his serious grievances & appeals being ignored, bypassed & tossed by Defendant N. Burl Cain & Dora Rabalais.

(81) Plaintiff argued irregularities in the administrative Remedy process as well as serious state, federal & human Rights violations plaintiff was being subjected to & the Defendants Cain & Rabalais denied plaintiff all Relief.

(82) The Plaintiff asserted that the current ARP process was subject to abuse & being abused by defendants N. Burl CAIN & Dora Rabala's & in that plaintiff brought the very matter before Secretary STALDER, its clear that the abuse of the procedure is by way of design & not chance.

(83) Plaintiff suffered numerous Constitutional, Civil & State right violations & in that plaintiff filed ARP's & Appeal's in regards to the same. Plaintiff felt that in the Defendant CAIN & RABALAIS Tossing Plaintiffs Pertinent Grievances Plaintiff could only counter the practice by way of certifying the documents through Defendant Johar Joseph & Gary Young etc.

(84) Even after certifying ARP's, Appeals & Legal Notations... Whenever the Defendants determined that Plaintiffs Grievances were of serious nature & legally sound in content, the Defendants CAIN & RABALAIS simply refused to respond to plaintiffs Legal Notations & Grievances inspite of them being given to them & Sworn by the institutional Notary (classification officer).. inevitably some were destroyed because there is no trace of them.

(85) As of a result of Defendant STALDER, CAIN & Rabalais Actions & inactions in periodically & systematically denying to address my (Plaintiffs) Serious Grievances in regards to Plaintiff being abused, retaliated upon & harassed, Plaintiff

has suffered from Severe psychological, emotional, & physical pain... & Mental Anguish beyond measure.

(86) The Defendants have to date gotten away with denying plaintiff access to the Courts, as well as subjecting plaintiff to plain torture, retaliative tactics & un-imaginable mental anguish until the Defendants Cain & Rabalais admitted on plaintiffs 8-28-04 ARP that they wouldn't address their violative Actions & inactions... Nevertheless, Defendant's Cain & Rabalais continue to not forward plaintiff a copy of the 9-20-02 Grievance in which was stolen from plaintiff & the Defendants have denied that the Notation was ever written or received by the Wardens office. The Notation is proof & undeniable evidence that the retaliation/retaliative Sufferings named herein have come as of a result of Plaintiff's exercising his right to file Grievances & Access to the Courts.

(87) Plaintiff realizes that he has laid his very life on the line in persuit of justice in the herein violations plaintiff has endured, nevertheless plaintiff asserts that the current Administrative Remedy Procedure is subject to abuse, & its being Abused by the Department of Public Safety & Corrections."

# Claims for Relief

(88) The actions of Defendant(s) CAIN, RABAIAIS, VANNOY, ACHORD, & WILSON in Conspiring to deny in ever receiving, Failing to Process Plaintiffs 9.36.02 Grievance & retaliating upon Plaintiff for filing & attempting to enforce the Same, were done maliciously & unlawfully in violation of as well as Constituted a; "Denial of Due Process, Cruel & un-usual Punishment, Conspiracy to Deprive plaintiff of his Civil Rights, State Rights & Constitutional Rights." The actions of the Defendants against the Plaintiff also Constituted Torts of Malfeasance in office in Violation of La. R.S. 14:134, Obstruction of Justice in Violation of La. R.S. 14:30.1 & Criminal Conspiracy in Violation of La. R.S. 14:26.

(89) The actions of Defendants) CAIN, STALDER, RABAIAIS & Peltz in refusing to respond to Plaintiff's ARP's, APPEAL & LEGAL NOTATIONS regarding the Same in pertaining to the opening of Clearly marked Legal Mail, Return of Legal Mail, Denial of Access to the Mail box & Denial of Mailing Personal Mail, return of incoming Non-Privile-ged Mail, Denial of Phone & all other Normally Protected liberty interest Plaintiff formally Enjoyed Prior to the restric-tions were done in violation of plaintiffs Constitutional rights, Civil Rights & State Rights. The actions of the Defendants against the Plaintiff also Constituted Torts of Malfeasance in office in violation of 14:134 & Obstruction of Justice in Violation of La. R.S. 14:130.1

(90) THE ACTIONS OF DEFENDANTS Coody, Honeycutt, Howard, Washington, Sims & Robert Jones in Spraying Water & Mud upon Plaintiffs Person & Property, Physically assaulting plaintiff & depriving plaintiff of light, drinking Water, refusing to heed to plaintiffs plea's to Cease from the one in the Same actions "For 2 Months straight" in retaliation for Plaintiffs persistant legal litigations against Conditions of the institution amounted to; retaliation, Conspiracy to deprive plaintiff of his Civil Rights & Constitutional rights, harassment & Constituted Excessive Force. The Actions of the DEFENDANTS against the Plaintiff also Constituted Torts of Assault & battery in Violation of La. R.S. 14:33 & 14:36, Malfeasance in office in Violation of La. R.S. 14:134 & Criminal Conspiracy in Violation of R.S. 14:26.

(91) THE ACTIONS OF DEFENDANTS CAIN, RABALAIS, Achord, WILSON, VANNOY, Honeycutt, Midkiff, young, Joseph & Coody in KNOWINGLY & UNLawfully Conspiring to DENY Plaintiff Due Process by way of KNOWINGLY Conducting, supporting & upholding a proceeding inwhich was based upon a Falsified & Forged document, False allegations & a hearing devoid of Due Process... as Well as Failure to ENForce the Submitting of a SWORN & Notarized Document For over 1year & 10 months, deliberate attempt to avoid a Civil or Criminal proceeding by Way of TAKING, NOTARIZING & DESTROYING plaintiffs Legal Mail & Grievances, All done in Violation of Plaintiffs Right to Access to the Courts, Denial of Plaintiffs Constitutional Rights & Deprivation of Civil Rights. The Actions of the Defendants For such an extensive Period of time was Nothing less Than a Conspiracy to retaliate upon

Plaintiff for attempting to open up a federal investigation against the institution for U.S. Postal Violations and exercising of Plaintiffs Right to Petition by way of litigation & correspondence to outside entities.

The Actions of the Defendant(s) Young & Joseph in taking & destroying or failing to enforce the submitting of Plaintiffs Sworn & Notarized Legal Mail/Legal Correspondences Constituted The Torts of; False Statements in Affidavits as Perjury La.RS.14:388 Obstruction of Justice La.RS.14:130.1 & Malfeasance in office La.RS.14:134

(92) The actions of Defendant TARVER in denying to respond to plaintiffs request for medical assistance for Plaintiffs Damaged eyes, bruised tail bone & injured back amounted to deliberate indifference to plaintiffs serious medical needs, Denial of Medical Care & deprivation of Plaintiffs Civil Rights & Constitutional Rights, as well as a Denial of adequate Medical Care.

The Actions of Defendant TARVER in denying Plaintiff proper treatment for plaintiffs injuries Constituted The Tort of Denial of Medical Care in Violation of La. RS.14:403.2

## RELIEF REQUESTED

Wherefore Plaintiff request that the court grants the following relief:

A. Issue a declaratory Judgment stating that:

1. The filing of the September 20, 2002 Grievance Sparked/Cause Defendants

CAIN, RABALAIS, COODY, HONEYCUTT, YOUNG, VANNOY, WILSON, NDK:74, Joseph & Achord to Conspire to retaliate upon Plaintiff by Way of DENYING Plaintiff Due Process of Law, Denial of Procedural Due Process, deprivation of Civil Rights, Deprivation of Constitutional Rights in efforts to Prevent Plaintiff from reporting institutional Postal Violations & criminal Violations by Angola Personnel, & Constituted a Criminal Conspiracy, Malfeasance in office & obstruction of Justice under state Law.

2. Defendants CAIN, STALDER, RABALAIS & PEITZ failure to address plaintiffs APPEAL, Pertinent & Serious A.R.P.'s, Legal Notations & Abuse of Plaintiff, "Violated Plaintiffs Constitutional RIGHTS, CIVIL Rights & Human Rights. The Defendants Actions also Constituted an obstruction of Justice under State & Federal Law."

3. Defendants John Joseph & GARY YOUNG failure to deliver Certified & Sworn Notarized documents in which were placed in their hands by Plaintiff amounted to a Violation of Plaintiffs Constitutional rights, Civil Rights & Constituted a "false Statement in Affidavit as perjury" under state Law.

21

4. Defendants Wilson, Vannoy, Cain, Achord & the Etal's Actions in; opening Plaintiffs Legal Mail then returning plaintiffs Legal Mail, Keeping Pieces of Plaintiffs Legal Mail, Denying Plaintiff the right to Communicate with Family Friends & associates & Denying plaintiff every Protected liberty interest Plaintiff formally Knew For 1 year & 10 Months Violated Plaintiffs Constitutional Rights, Civil Rights & Constituted Malfeasance in office in Violation of State Law.

5. Defendants Washington, Howard, Sims, Jones & Coody Physical, Psychological & Emotional abuse of Plaintiff Violated Plaintiffs Rights Under the Eighth Amendment to the U.S. Constitution, Retaliation, Denial of Civil Rights, Excessive Force & assault as well as Constituted Assault & Battery, Criminal Conspiracy & Malfeasance in office in Violation of State Law.

B. Issue an injunction ordering Defendants Cain, Stalder & Rabalais to:

1. Produce the 9-20-02 Grievance in which is Critical Material Evidence regarding the Core of Plaintiffs Civil Action & allegations of Retaliation, Conspiracy Against Rights & deprivation of Constitutional Rights. The Defendants took My Copy, but they have the original.

22

2. Create an ARP submission process thats abuse free & consistent with the recommendations of Plaintiffs A.R.P. in which was rejected in regards to the same.

C. Issue an injunction ordering defendant CAIN to:

1. Expunge the disciplinary convictions for scamming as described in this report for taking a year & 10 months to respond to plaintiffs Appeal instead of 120 days as law demands, & void all mentionings of the same from plaintiffs records.

D. Award compensatory damages in the following amounts.

1. $200,000 jointly & severally against defendants CAIN, TARVER, STALDER, RABALAIS & PELTZ for the physical, psychological, emotional & civil/constitutional wrongs, injuries & scars that plaintiff has suffered from being denied Due Process as well as all deprivation of rights mentioned herein... regarding Plaintiffs ARP's & Legal notations.

2. $200,000 jointly & severally against defendants CAIN, RABALAIS, VANNOY, Wilson, Achord, Young, M.Dixit, Joseph, Coody & Honeycutt for the punishment & perminent scars in which have been inflicted upon plaintiffs emotions & mind as of a result of the disciplinary proceeding.

3. $400,000 jointly & severally against defendants Young & Joseph for failing to deliver or process plaintiffs Notarized Legal Documents, ARP's & Appeals as prescribed by law and in so causing plaintiff physical, emotional & psychological injuries by way of placing plaintiff in harms way.

4. $325,000 Jointly & Severally against defendants Coody, Howard, Honeycutt, Jones, Sims & Washington for the physical, psychological, emotional, civil & constitutional injuries & scars plaintiff has suffered & continues to suffer from the excessive force, retaliation & torture tactics plaintiff endured for 2 months.

E. AWARD PUNITIVE DAMAGES IN THE following Amounts:

1. $100,000 each against defendants STALDER, CAIN, RABALAIS & PELTZ.

2. $100,000 EACH against defendants JOSEPH, Young, Wilson, TARVER, VANNOY & Achord.

3. $500,000 each against defendants Coody, Howard, Honeycutt, MIDKIFF, R.JONES, Sims & Washington.

F. Grant any and all such other relief as it may appear that plaintiff is entitled.

DATE: 10-13-05

Respectfully Submitted,

S/Kermit Parker
Kermit Parker # 129332
Beaver 2 B 2
P.O. Box 174
Elayn Hunt Correctional Center
St. Gabriel, La. 70776

ALTERNATE VERSION OF DAMAGES DEMANDED:
GRANT ANY & All Compensatory & Punitive DAMAGES or other Damages Deemed warranted.

24

## AFFIDAVIT/CERTIFICATE OF SERVICE

I, Kermit Parker #129332, swear under the penalty of perjury that the foregoing *CIVIL RIGHTS ACTION UNDER 42 USC §1983* is being given to the Prison's Classification Officer to be mailed to this Court at:

*Honorable Lawrence Talamo Clerk of Court*

*UNITED STATES DISTRICT COURT*

*MIDDLE DISTRICT OF LOUISIANA*

*777 Florida STREET Suite 139*

*BATON ROUGE, La. 70801-1712*

Sign this *13* day of *OCTOber 2005*, under the penalty of perjury.

*Kermit Parker, Pro Se*

KERMIT PARKER

SWORN TO AND SUBSCRIBED before me

This *13* day of *OCTOBER*, 2005.

NOTARY PUBLIC

Stephen Waguespack #61440
EX OFFICIO NOTARY
Department of Public Safety & Corrections

C.C.